1                  UNITED STATES DISTRICT COURT

2                   DISTRICT OF MASSACHUSETTS

3                              No. 1:10-cr-10288-MLW

4

5

6   UNITED STATES OF AMERICA

7

8   vs.

9

10  TIMOTHY MOYNIHAN

11

12

13                      *********

14

15              For Jury Trial Before
               Chief Judge Mark L. Wolf

16

17

18              United States District Court
                District of Massachusetts (Boston.)
19              One Courthouse Way
                Boston, Massachusetts 02210
20              Tuesday, November 1, 2011

21                      ********

22

23        REPORTER: RICHARD H. ROMANOW, RPR
                 Official Court Reporter
                United States District Court
24      One Courthouse Way, Room 5200, Boston, MA 02210
                 bulldog@richromanow.com

25

```
1                    A P P E A R A N C E S

2

3    PETER K. LEVITT, ESQ.
         United States Attorney's Office
4        1 Courthouse Way, Suite 9200
         Boston, Massachusetts 02210
5        (617) 748-3965
         Email: Peter.levitt@usdoj.gov
6        For the United States

7

8    JAMES L. SULTAN, ESQ.
     AUDREY GRACE, ESQ.
9        Rankin & Sultan
         151 Merrimac Street, Second Floor
10       Boston, Massachusetts 02114-4717
         (617) 720-0011
11       Email: Jsultan@rankin-sultan.com
         For Timothy Moynihan

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                          I N D E X

2

3        Verdict.................................  21

4

5

6                        E X H I B I T S

7

8          (None marked on the record.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S
 2              (Begins, 9:00 a.m.)
 3              THE CLERK:  Criminal matter 10-10288, the
 4   United States of America versus Timothy Moynihan.  The
 5   Court is in session.  You may be seated.
 6              THE COURT:  Good morning.  Would counsel
 7   please identify themselves for the record.
 8              MR. LEVITT:  Peter Levitt on behalf of the
 9   government.  Good morning, your Honor.
10              MR. SULTAN:  Good morning, your Honor.  James
11   Sultan and Audrey Grace for Mr. Moynihan, who is
12   present.
13              THE COURT:  All right.
14        The jurors have just all arrived.  And the request
15   was for further --
16              (Pause.)
17              (Gets question.)
18              THE COURT:  The question was:  "Can you please
19   describe the legal definition of conspiracy as in
20   regards to this case?"
21        Um, I am, although I don't have a transcript, in a
22   position to tell them virtually verbatim about
23   conspiracy, what I told them yesterday, and I'll do that
24   at least in part.  I'm thinking about giving -- since
25   they asked me to describe it, not repeat it, although
```

1  this might be semantic, I'm thinking about giving them,

2  as a preamble, a briefer description of the fundamental

3  features of conspiracy and then tell them, "I'm going to

4  give you a now a fuller description, the way I gave it

5  to you yesterday, and if you see any inconsistency,

6  follow the fuller description.

7       But I'm thinking of telling them, by way of

8  preamble, that:

9       "A conspiracy is an agreement to commit a crime.

10  In this case, Count 1 charges that Mr. Moynihan agreed

11  with Mr. Hester to possess crack and/or cocaine with

12  intent to distribute it to a third person.  To prove

13  this charge, the government must prove beyond a

14  reasonable doubt that Moynihan and Hester knowingly and

15  willfully intended to agree to possess crack cocaine

16  and/or cocaine with intent to distribute it and also

17  intended that the crime actually be committed.  To act

18  knowingly means to act intentionally, not by accident or

19  mistake.  To act willfully means to act with knowledge

20  that your conduct is illegal.

21       The government is not required to prove a formal

22  or express -- that a -- that a formal or express

23  agreement existed.  The agreement can be unspoken.

24  Therefore, conspiracy and a person's membership in it

25  can be proven by circumstantial evidence alone.

1    Similarly, a person's intent can be proven by

2    circumstantial evidence alone.

3         It would not be enough for the government to prove

4    only that Moynihan associated with Hester or discussed

5    illegal activity with him or was present when Hester

6    sold drugs.  However, if any of these facts are proven,

7    you may consider them in deciding whether it is also

8    proven that Moynihan knowingly and willfully conspired

9    with Hester to possess crack and/or cocaine with the

10   intention to transfer drugs to someone else in January

11   of 2010.

12        The government does not have to prove that the

13   conspiracy involved any specific amount of crack to

14   prove the conspiracy charged in Count 1.  However, if

15   you find that conspiracy has been proven beyond a

16   reasonable doubt, you must then also decide whether the

17   conspiracy as a whole involved a mixture that included

18   crack cocaine, that weighed at least 28 grams, without

19   counting the weight of the package."

20        And then I would say, "Now I'm going to tell you

21   in more detail about all of those principles and," as I

22   said, "if you perceive any difference between this more

23   detailed explanation of the general principles I just

24   described, follow the more detailed instructions."

25             MR. LEVITT:  I think that make sense.

```
1              MR. SULTAN:  And then you'll proceed to tell

2     them the rest of what you told them yesterday?

3              THE COURT:  Yes.

4              MR. SULTAN:  That's fine, your Honor.

5              THE COURT:  All right.  You're such good

6     lawyers that I've tried, in the detailed instructions,

7     to cover every nuance and I'm concerned that in the

8     process it obscures -- it might obscure the question

9     suggested, and they might like, as part of the further

10    instructions, a more lay explanation.

11        Okay.  The other thing is -- they haven't asked me

12    for further instruction on possession with intent to

13    distribute.  I could offer to do it again or we could

14    wait.  I guess we'll -- Mr. Sultan's shaking his head,

15    "No."

16        Should I just wait, just answer the questions they

17    ask?

18             MR. SULTAN:  I think so, your Honor, although

19    obviously it's a conspiracy with -- it's a conspiracy to

20    possess with intent to distribute, so, I mean, there's a

21    certain degree of overlap.

22             THE COURT:  I know, and to a certain extent

23    I've covered it here.

24             MR. SULTAN:  Right.

25             THE COURT:  Okay, I'll wait until they come
```

```
 1   back.
 2         All right.  Let's bring them in.  I'm also going
 3   to admonish them not to do anything with the drugs,
 4   which I usually do, but didn't.
 5              (Jurors enter, 9:25 a.m.)
 6              THE COURT:  Ladies and gentlemen, good
 7   morning.  Welcome back.
 8         A question you left me with yesterday is:  "Can
 9   you please describe the legal definition of conspiracy
10   as in regards to this case?"
11         I talked a little with the lawyers.  I'm actually
12   going to do two things now in response to that
13   question.  I'm going to give you a briefer and somewhat
14   simpler explanation of the fundamental features of
15   conspiracy.  Then I'm going to repeat, I think almost
16   word for word, what I told you yesterday about
17   conspiracy.  And if anything in the more detailed
18   instructions that I gave you yesterday, and I'm going to
19   repeat today, sounds different than what I tell you in
20   this briefer, somewhat simpler overview, follow the
21   detailed instructions, or come back and ask me another
22   question.  And you should consider these instructions in
23   the context of all of the instructions I gave you
24   yesterday.
25         So the new somewhat briefer description of
```

1    conspiracy, um, you should understand the following.

2         A conspiracy is an agreement to commit a crime.

3    It's the agreement that's the crime.  In this case,

4    Count 1 of the indictment charges that Mr. Moynihan

5    agreed with Mr. Hester to possess crack and/or cocaine

6    with intent to distribute it to a third person.  To

7    prove this charge, the government must prove beyond a

8    reasonable doubt that Mr. Hester and Mr. Moynihan

9    knowingly and willfully intended to agree to possess

10   crack and/or cocaine, with intent to distribute it, and

11   also intended that that crime would actually be

12   committed.  To act knowingly means to act intentionally,

13   not by accident or mistake.  To act willfully means to

14   act with knowledge that your conduct is illegal.

15        The government is not required to prove that a

16   formal or express agreement existed.  The agreement can

17   be unspoken, a silent understanding.  Therefore, a

18   conspiracy and a person's membership in a conspiracy can

19   be proven by circumstantial evidence alone.  Similarly,

20   a person's intent can be proven by circumstantial

21   evidence alone.

22        It would not be enough for the government to prove

23   only that Moynihan associated with Hester or discussed

24   illegal activity with him or was present when Hester

25   sold the drugs.  However, if any of these facts are

proven, you may consider them in deciding whether it was

also proven that Moynihan knowingly and willfully

conspired with Hester to possess crack and/or cocaine

with the intention to transfer the drugs to somebody

else in January of 2010.

The government does not have to prove that the

conspiracy involved any specific amount of crack to

prove the conspiracy charged in Count 1.  However, if

you find that conspiracy has been proven beyond a

reasonable doubt, then you'll answer the second

question, 1(b), and decide whether the conspiracy as a

whole involved a mixture that included crack cocaine,

that weighed at least 28 grams, without counting the

weight of the packaging.

Okay.  Well, those are the fundamental features of

conspiracy and now I'm going to give you a more

elaborate explanation for what all of that means.  As I

said, if you think there's some inconsistency between

this more elaborate explanation and what I just told

you, you are to follow the more detailed instructions

I'm giving you now or, even better, ask me to explain

again.  I'd be happy to do that.

All right.  In the indictment, Count 1 charges

that in or about January 10, 2010, at Haverhill and

elsewhere in Massachusetts, Curtis Hester and Timothy

Moynihan did knowingly conspire with each other to possess with intent to distribute and distribute cocaine base, which means crack, and cocaine, both Schedule II controlled substances, and in this indictment, in this case, "and" means "or."  So the government has to prove a conspiracy between Moynihan and Hester to distribute -- to possess with intent to distribute and to distribute either crack or cocaine or both.  It doesn't have to prove a conspiracy to distribute both, it would be sufficient if it proved a conspiracy with intent to distribute crack or a conspiracy with intent to distribute cocaine.

For you to find Mr. Moynihan guilty of the conspiracy charged in Count 1, you must find that the government has proven each of the following things beyond a reasonable doubt.  First, that the agreement specified in the indictment to possess crack and/or cocaine with intent to distribute it, and not some other agreement or agreements, existed between Moynihan and Hester in about January of 2010, and second, that Moynihan knowingly and willfully joined in that agreement.  As I use these terms throughout the instructions, to act knowingly means to act intentionally rather than by accident or mistake.  To act willfully means to act with the intention to do

1  something known to be unlawful.

2      To find Mr. Moynihan guilty of the conspiracy

3  charged in Count 1, you do not have to find that he

4  conspired to distribute at least 28 grams of crack as

5  alleged in the indictment.  To find him guilty you need

6  only find that he conspired with Hester to distribute

7  some quantity of crack or cocaine.  If you find that

8  Moynihan did so, you will then be asked to make a

9  special finding as to the quantity of crack, if any,

10  that was involved in the conspiracy as a whole.  And as

11  you see, the verdict form asked you to first find

12  whether the government has proven beyond a reasonable

13  doubt the conspiracy charged in Count 1.  If the answer

14  to that is "yes," you'll decide if the government's also

15  proven that that conspiracy as a whole involved at least

16  28 grams of crack.

17      The indictment alleges that the conspiracy existed

18  in January of 2010 or on or about January of 2010.  The

19  government doesn't have to prove the exact dates of the

20  conspiracy, however it has to prove a conspiracy existed

21  for part of January of 2010 and you would have to

22  unanimously agree on what part in order to find the

23  defendant guilty.  It wouldn't, for example, be

24  sufficient if some of you thought there was a conspiracy

25  on January 7th and others of you thought there was a

1    conspiracy on January 15th, you have to agree

2    unanimously on the period of the conspiracy to find the

3    defendant guilty.

4          With respect to the first element of the crime of

5    conspiracy, the existence of the agreement, you should

6    understand that a conspiracy is simply a spoken or

7    unspoken agreement by two or more people to commit a

8    crime.  It is the agreement that is the essence of the

9    crime and it doesn't matter whether it achieved its

10   unlawful goal.

11         In this case, Moynihan and Hester allegedly agreed

12   to possess cocaine and/or crack with the intent to

13   distribute it.  With regard to the existence of the

14   conspiracy, what the evidence must show beyond a

15   reasonable doubt is that the members, in some way or

16   manner, came to a mutual understanding to try to possess

17   crack and/or cocaine with intent to distribute it to

18   someone else and they did so knowing that the plan was

19   unlawful and intending to carry it out.  However, the

20   evidence to establish the existence of a conspiracy need

21   not show that the conspirators entered into any express

22   or formal agreement or even that they directly, by

23   spoken or written words, stated between themselves what

24   their object or purpose was, or the details of the

25   scheme, or the means by which they would succeed.  Mere

1  similarity of conduct among various people and the fact

2  that they may have associated with each other, discussed

3  illegal activity, or taken steps to further the

4  conspiracy's purpose, does not necessarily establish

5  proof of the existence of the conspiracy.  However, you

6  may consider such factors.

7       It is sufficient if an agreement is shown by

8  conduct evidencing a silent understanding to share a

9  purpose to violate the law.  You may consider all of the

10  direct and circumstantial evidence in deciding whether a

11  conspiracy has been proven.  Since a conspiracy, by its

12  nature, is often secret, neither the existence of the

13  conspiratorial agreement nor a person's participation in

14  it must be proven by direct evidence, both may be proven

15  by circumstantial evidence alone.

16       As I have explained, the object of the conspiracy

17  alleged in Count 1 is an agreement in about January of

18  2010 to possess with intent to distribute cocaine and/or

19  crack.  To prove the conspiracy charged in Count 1, the

20  government must prove that Moynihan and Hester agreed to

21  transfer crack or cocaine to a third person.  The

22  government does not have to prove that they agreed to

23  transfer a particular amount of crack or cocaine to

24  prove the alleged conspiracy.

25       As I told you, to prove Moynihan guilty of

conspiracy the government must prove beyond a reasonable
doubt that the agreement described in Count 1, and not
some other agreement, existed between Hester and
Moynihan.  Count 1 charges a conspiracy to possess crack
or cocaine with intent to distribute it, which means an
agreement to have one or both of those controlled
substances in order to transfer it to a third party
either for money or without payment.  Therefore, it
would not be sufficient for the purpose of Count 1 for
the government to prove only that Moynihan agreed to
sell or sold crack or cocaine to Hester for Hester's
personal use, nor would it be sufficient for the
government to prove only that Hester agreed to sell or
sold some controlled substance to Moynihan for
Moynihan's personal use.  In essence, in this case the
government must prove that Moynihan agreed to provide
crack and/or cocaine to Hester knowing that Hester
intended to transfer the drugs to someone else and
intending to facilitate the commission of that crime.
And as I have told you, to prove a conspiracy charged in
Count 1, the government is not required to prove that
any particular amount of crack or cocaine was involved.

        To convict Mr. Moynihan on Count 1, the government
must also prove beyond a reasonable doubt that he was a
member of the alleged conspiracy, meaning that he

```
 1    knowingly and willfully joined an agreement with Hester
 2    to commit the crime of possessing crack and/or cocaine
 3    with intent to distribute it.  To prove Moynihan joined
 4    the conspiracy knowingly and willfully, the government
 5    must prove beyond a reasonable doubt that he both
 6    intended to agree with Hester to possess crack and/or
 7    cocaine with intent to distribute it and also intended
 8    that the crime actually be committed.  It is not
 9    sufficient for the government to prove that Moynihan
10    merely had knowledge of a crime or merely associated
11    with Hester.  It is also not sufficient for the
12    government to prove merely that Moynihan acted in a way
13    that happened to help Hester commit the crime.  Rather,
14    the government must prove that Moynihan intended to
15    agree with Hester to distribute crack and/or cocaine and
16    intended that the crime be committed.
17         Moynihan's membership in the alleged conspiracy
18    must be proven by evidence of his own words and
19    actions.  In deciding whether he was a member of the
20    conspiracy alleged in Count 1, you should consider the
21    direct and circumstantial evidence of Moynihan's own
22    acts and statements.  Such evidence may include acts or
23    statements by Hester only to the extent that they are
24    evidence of the words and actions of Moynihan.
25         The government does not have to prove that
```

1   Moynihan knew about or agreed to all the specific

2   details of the crime, including the identity of the

3   person Hester planned to transfer the crack or cocaine

4   to.  However, the government does have to prove beyond a

5   reasonable doubt that Moynihan knew of and intended to

6   agree to the essential features and general aims of the

7   venture.

8       A defendant cannot be convicted of conspiracy on

9   the basis of suspicion or surmise.  He cannot be

10   convicted of conspiracy if it is only proven that he

11   associated with someone committing a crime or that he

12   merely knew of illegal activity by other people or that

13   he was merely present when a crime was committed, nor

14   can he be convicted of conspiracy if he merely took

15   actions that happened to further the objectives of a

16   conspiracy that he did not agree to join.  These are,

17   however, relevant factors that you may consider in

18   deciding the ultimate question, which is whether the

19   government has proved beyond a reasonable doubt that

20   Moynihan knowingly and willfully agreed with Hester to

21   commit the crime, possessing cocaine and/or crack with

22   intent to distribute it, and intended that the crime be

23   committed.

24       If you, however, find that the conspiracy charged

25   did exist, that Moynihan knowingly and willfully

1    participated in it, the extent of his participation has

2    no bearing on his guilt or innocence.  The guilt of a

3    conspirator is not measured by the extent of his

4    participation.  Each member of a conspiracy may perform

5    separate and distinct acts at different times and at

6    different places.  Even if Moynihan participated in the

7    conspiracy to a lesser degree than Hester, he is also

8    guilty so long as he was, in fact, a conspirator.  Thus,

9    a single act may be enough to make Moynihan a

10   conspirator provided the proof establishes that Moynihan

11   entered into the conspiratorial agreement.

12       If you find every element of the conspiracy

13   charged in Count 1 to be proven beyond a reasonable

14   doubt, you will find Moynihan guilty on Count 1 and

15   decide the question concerning the weight of any crack

16   involved in the proven conspiracy.  If you do not find

17   every element proven beyond a reasonable doubt, you will

18   find Moynihan not guilty, skip the question on drug

19   weight, and go on to decide Counts 2, 3, 4 and 5.

20       With regard to drug weight, I'm going to tell you

21   the law you'll need to know, again.  If you have to

22   answer, um -- Question 1(b), meaning you have found

23   Mr. Moynihan guilty on Count 1, I'm giving you these

24   instructions, not to suggest that I think you should or

25   should not get to Question 1(b), but just to give you

1   all the law you need to know depending on how you decide

2   Count 1.

3        If you find the government has proven beyond a

4   reasonable doubt that Moynihan is guilty of the

5   conspiracy charged in Count 1, Question 1(b) asks

6   whether the government has proven beyond a reasonable

7   doubt that the conspiracy as a whole involved at least

8   28 grams of cocaine base, meaning crack.  Any cocaine,

9   rather than crack, that may have been involved in the

10  conspiracy is not to be counted in answering this

11  question.

12       In answering this question, the relevant weight to

13  be calculated is the weight of any mixture containing

14  some cocaine base or crack that you find was involved in

15  the conspiracy as a whole.  The weight of the mixture

16  includes the amount of the pure crack and any filler or

17  cutting agent.  It is not limited to the weight of the

18  pure cocaine base or crack in the mixture alone.  The

19  relevant weight does not, however, include the weight of

20  any packaging.

21       So I've now given you sort of a brief version of

22  the general principles that have to be proven, the

23  elements that have to be proven concerning conspiracy,

24  and the more detailed explanation of them, and that

25  responds to the question that you asked.  So I'll send

1    you back to resume your deliberations.

2         I'm telling you one thing I meant to tell you

3    yesterday or reminding you of one thing I think I said

4    yesterday.  You have the drugs back there.  Don't open

5    them, um, for obvious reasons.  And we'll take them back

6    at the end of the day if your deliberations are not

7    complete.

8         In addition, as I think I told you yesterday, at

9    1:00, because I'm the Chief Judge, I'll start presiding

10   at a meeting of all the judges, but it's just

11   downstairs.  If you haven't finished your deliberations

12   by that time, you'll continue, and if you have a verdict

13   or a question, I'll leave my colleagues and it's up to

14   you because you're top priority.

15        With regard to the schedule, I think you'll get

16   your snacks around 11:00.  I'm going to have Mr. Hohler

17   have your lunch brought at 1:00, if you haven't reached

18   a verdict by that time.  And then you'll continue until

19   about 4:00, if you haven't reached a verdict, and you'll

20   send me a note and the note will say you want to go home

21   and come back tomorrow morning at 9:00 or that you want

22   to keep working for a while.  Okay?

23        We will look forward to your unanimous verdict or

24   before then if you have any more questions.

25        The Court is in recess for the jury.

1          (Jury leaves, 9:45 a.m.)

2          THE COURT:  Is there anything further before

3     we recess?

4          MR. SULTAN:  Your Honor, my office is between

5     10 and 15 minutes away.  May I go there or do you want

6     me to stay in the courthouse?  I can really get back in

7     less than 15 minutes.

8          THE COURT:  Yeah, I'd prefer that you stay

9     here this morning until lunchtime.  Once I'm downstairs

10    it will take me a while to get book, too.  But given the

11    question they asked me promptly yesterday, we may get

12    another one soon, and I'd like to be able to talk to you

13    and respond to it quickly.

14         MR. SULTAN:  That's fine, your Honor.

15         THE COURT:  Well, hopefully we have someplace

16    where you can get some work done.

17         All right.  The Court is in recess.

18         (Recess, 9:46 a.m.)

19         (Verdict, 12:40 p.m.)

20         THE COURT:  I have a note from the forman

21    which we'll mark as Number 2.  It says:  "The jury has

22    reached a verdict on all counts."  So we'll have the

23    jury in and receive the verdict.

24         (Jury enters, 12:50 p.m.)

25         THE COURT:  Mr. Foreman, I understand from

1   your note that the jury has reached a unanimous verdict

2   on all counts, is that correct?

3           THE FOREPERSON:  That's correct, your Honor.

4           THE COURT:  Would you please hand the form to

5   the Deputy Clerk.

6           (Passes verdict up to judge.)

7           THE CLERK:  The United States of America

8   versus Timothy Moynihan, Criminal Number 10-10288-MLW,

9   verdict.

10      We the jury find the defendant, Timothy Moynihan,

11  1(a), guilty on Count 1.

12      1(b), has the government proved beyond a

13  reasonable doubt that the conspiracy as a whole involved

14  at least 28 grams of cocaine base?  Yes.

15      Number 2.  Guilty on Count 2.

16      Number 3.  Guilty on Count 3.

17      Number 4.  Guilty on Count 4.

18      Number 5.  Guilty on Count 5.

19      So say you, Mr. Foreman?

20          THE FOREPERSON:  Yes.

21          THE COURT:  And so say you all members of the

22  jury?

23          THE JURY:  Yes.  (In unison.)

24          THE COURT:  Is there anything further before I

25  direct the Clerk to enter the jury's verdicts?

1          MR. SULTAN:  No, your Honor.

2          MR. LEVITT:  No, your Honor.

3          THE COURT:  Then the Clerk is directed to

4     enter the jury's verdicts.

5          Ladies and gentlemen, that completes your service

6     as jurors in this case.  I told you throughout the case

7     that I wouldn't comment on the evidence and you

8     shouldn't interpret anything I'm about to say now as a

9     comment on the merits of your verdict.  But I do want to

10    tell you that you've rendered a great service to the

11    public and to the administration of justice.

12         It's only a very small fraction of cases in

13    federal court that are actually decided by juries.  The

14    vast majority of civil cases are settled by agreement of

15    the parties.  The vast majority of criminal cases result

16    in guilty pleas by defendants or occasionally the

17    suppression of evidence and the dismissal of a

18    prosecution.

19         It's actually only the hardest cases that go to

20    trial, cases that are either competitive on the merits

21    or involve, what I directed you to disregard up to this

22    point, very substantial consequences.  And some people

23    may think it's odd that we ask that the hardest cases be

24    decided by amateurs like you rather than by people with

25    experience and expertise like judges.  But it's not odd

1  at all in our country, it's a manifestation of our faith

2  and the wisdom and common sense and fairness of the

3  American people.

4       Around the time of the founding of the United

5  States Thomas Jefferson said that if he was required to

6  choose between having the right to elect representatives

7  who make the law and the right to be judged by a jury of

8  his peers, he would give up his right to elect his

9  representatives before he would give up his right to

10  trial by jury because it is jurors who stand as a

11  barrier between a potentially oppressive government and

12  its citizens.

13       The fact that the 12 of you -- and the two

14  alternates who are sitting in the back and have to be

15  quite frustrated to have listened to all of this and not

16  had the opportunity to deliberate, discuss and decide,

17  have come together, have taken time out from very busy

18  lives to give your careful attention, as I know you did

19  for this case, and your thoughtful consideration as to

20  how to decide it, that's very important.

21       It's inevitable that somebody's going to walk out

22  of the courtroom after a trial deeply disappointed if

23  not disturbed.  But the fact that you've come together

24  and devoted your time, talent and attention to rendering

25  a verdict makes that decision much more legitimate and

acceptable.  It's something that continues to encourage

people to resolve their disputes peacefully rather than

violently in this country.

One thing you haven't heard me say yet is "thank

you" and I stop just short of saying that, not that, I

hope, because I'm not grateful and gracious, but because

I think it's not appropriate to thank people for doing

what's in their own enlightened self interest.

We got our tradition of trial by jury from the

English at the time of the American Revolution, but the

English have substantially abandoned it in all but one

or two forms of civil cases and in criminal cases the

judges often try to tell the jury what verdict to

render.

The tradition of trial by jury is somewhat

controversial and embattled in the United States.  Some

people think it's expensive.  Some people think these

things are too complex or consequential for amateurs to

decide.  That's not my view.  For decades I've thought

that I might be and you maybe thought you might be in a

courtroom again sometime but not as a juror, you might

be here because you or somebody close to you has been a

victim, a witness, or even a defendant.  And I'm sure

that if that occurred, you would want what you have

given in this case, you would want a cross-section of

1    the community, impartial people to give up their time

2    and pay close attention and make a thoughtful decision

3    on the merits of the case.  And because you spent the

4    last week doing that, you've contributed to sustaining

5    our, I would say, noble tradition of trial by jury and

6    to assuring that it will be available to you or people

7    close to you if you ever need it.  That's why I stop

8    just short of saying "thank you."

9         You and the alternates will go back in the jury

10   room.  I have to talk to the lawyers for a few minutes,

11   but your lunch is probably there.  If you want to have

12   something to eat or if you want to wait, I'll come back

13   and shake your hand before you go.  If you'd like to go

14   before that, I understand.

15        The Court will be in recess for the jury.

16             (Jury leaves, 1:00 p.m.)

17             THE COURT:  The defendant is detained.  His

18   detention will continue.  Unless somebody has a

19   foreseeable conflict, the sentencing will be on January

20   24th at 3:00 p.m.

21             MR. SULTAN:  Your Honor, I think I'm going to

22   be out of state.  I'm not sure I -- I know the latter

23   part of that week I'm out of state, um, Wednesday,

24   Thursday, Friday.  I'm not sure what day of the week.

25             THE COURT:  Well, that's a Tuesday.

1          MR. SULTAN:  Oh, I'll still be here on the

2    Tuesday, your Honor.

3          THE COURT:  All right.  And if something comes

4    up, this can be adjusted.  But the sentencing will be

5    January 24th at 3:00 p.m.

6        If there's anything not in the presentence

7    reports, any memos, any letters, any motions, they shall

8    be filed by January 10th, and any oppositions shall be

9    filed by January 17th.

10        This was a very well-presented case, it was well

11    prosecuted.  Mr. Moynihan, you were very energetically

12    and effectively represented.  Now we have the jury's

13    verdicts.

14        What is the government or what do the parties

15    think the mandatory minimum sentence is?

16          MR. LEVITT:  The mandatory minimum is 10

17    years, your Honor, and then, um, the government believes

18    the defendant is a career offender, so.

19          THE COURT:  All right.  Well, you've each done

20    an excellent job up till now and you'll continue that

21    through the sentencing.

22        Is there anything further?

23          MR. SULTAN:  No, your Honor.

24          THE COURT:  All right.  The Court is in

25    recess.

1          (Ends, 1:05 p.m.)

2

3              C E R T I F I C A T E

4

5      I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do

6  hereby certify that the foregoing record is a true and

7  accurate transcription of my stenographic notes, before

8  Chief Judge Mark L. Wolf, on Tuesday, November 1, 2011,

9  to the best of my skill and ability.

10

11

12  /s/ Richard H. Romanow 09-10-12
    _____
13  RICHARD H. ROMANOW  Date

14

15

16

17

18

19

20

21

22

23

24

25